IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD M. KING, JR. | § | |
| VS. | § | CIVIL ACTION NO. 4:05cv427 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Richard M. King, Jr., an inmate confined at the Hughes Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed because Petitioner failed to demonstrate he received permission to file a second of successive habeas application from the Fifth Circuit Court of Appeals prior to filing this petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the

objections in relation to the pleadings and the applicable law. See FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Petitioner's objections should be overruled. In this case, the Court dismissed the prior petition as untimely, as Petitioner asserts. However, a dismissal based on limitations is not the type of procedural ruling that would make a later-filed petition non-successive. See Villanueva v. United States, 346 F.3d 55, 62 (2d Cir. 2003), cert. denied, 542 U.S. 928, 124 S.Ct. 2895, 159 L.Ed.2d 791 (2004); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). A prior untimely petition "count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the ... substantive claims." Altman, 337 F.3d at 766. The fact that the earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.1999). Compare Gonzalez v. Crosby, --- U.S. ----, ---- n. 6, 125 S.Ct. 2641, 2648 n. 6, 162 L.Ed.2d 480 (2005). Accordingly, Petitioner is required to receive permission to file a second or successive habeas application from the Fifth Circuit Court of Appeals prior to being able to proceed in the district court.

Petitioner states he filed a motion for permission to file a second or successive habeas application. However, the Fifth Circuit denied Petitioner's motion for an order authorizing the United States District Court for the Eastern District of Texas to consider a successive 28 U.S.C. § 2254 application. *In Re: Richard M. King, Jr.*, No. 05-41541 (5th Cir. Jan. 9, 2006).

O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this 28th day of April, 2006.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE